## TOWNSEND V. BISSELL.

*Trespass — possession essential to sustain action for — justice's court — question of possession of realty not one of title.*

In an action for trespass in tearing down a wall, *held,* that it was essential that plaintiff should, at the time of the trespass, show that he was in possession of the *locus in quo,* and that proof of a mere tortious occupancy would not suffice.

In such a case the question of actual possession of lands is not one of title, which ousts the justice's court of jurisdiction.

APPEAL by plaintiff from a judgment in the Jefferson county court affirming a judgment in favor of defendant rendered by a justice of the peace.

The action was brought by George O. Townsend against Robert Bissell and Jane Bissell, his wife, for tearing down and removing a stone wall erected by plaintiff. The defendants, on the trial, intro-

duced evidence showing that the wall was erected on a strip of ground between plaintiff's and defendants' premises, which had been used as a lane or passage-way for over forty years, also that the wall was removed by the defendant, Jane Bissell, in the presence of the other defendant, her husband, and by his direction. Such other facts as are material appear in the opinion.

*Anson B. Moore,* for appellant.

*D. O'Brien,* for respondents.

GILBERT, J. The objection to the proof of the lane was too general. If it had been put upon the ground that the defense sought to be established thereby had not been pleaded, it might have been obviated by an amendment. We must, therefore, regard the evidence as properly in the case, and determine the rights of the parties accordingly.

It appears, then, that the *locus in quo* is a part of a lane ten feet wide, running between the premises in possession of the parties respectively, and which had been used as such by the occupants of those premises in common, and for all purposes of ingress and egress for more than forty years. The trespass complained of consisted of the pulling down of a wall which the plaintiff had shortly before built in the lane, and which obstructed the accustomed use of it by the defendants.

The plaintiff could not maintain this action without proof that he was in possession of the *locus in quo* at the time the alleged trespass was committed. He testified to that fact in general terms. But the evidence on the part of the defendants clearly proved the existence of the lane and that the possession relied on by the plaintiff was tortiously acquired by inclosing a part thereof by means of the wall mentioned. That will hardly suffice. Mere occupation under such circumstances does not prove possession. The acts of the plaintiff amounted to nothing more than an unlawful obstruction of the lane, which the defendants were justified in removing. *Brown* v. *Dawson,* 12 Ad. & El. 628.

The question of the actual possession of lands in a case like this is not one of title, which ousts the justice's court of jurisdiction. *Ehle* v. *Quackenboss,* 6 Hill, 537.

The judgment should be affirmed.

*Judgment affirmed.*